Hunter FLORES, Individually and d/b/a Freeport Machine and Boiler Shop, et al., Appellants,

v.

GREAT AMERICAN INSURANCE COMPANY, Appellee.

No. 4434.

Court of Civil Appeals of Texas.

Waco.

March 31, 1966.

Rehearing Denied April 14, 1966.

Eastham, Watson, Dale & Forney, J. P. Forney, Jr., Joseph D. Jamail, John Gano, Houston, for appellants.

Barrow, Bland, Rehmet & Singleton, David Bland, Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendants Flores and Ruth Roberts from a summary judgment that plaintiff Great American Insurance Company has no obligation to defend Flores (or pay judgment) in a suit instituted against Flores by Ruth Roberts.

On October 2, 1962 William Roberts, an employee of Flores, working "in the course and scope of his employment as a seaman and a member of the crew of a winching barge * * * situated upon navigable waters near Freeport, Brazoria County, Texas", was struck by a cable and knocked overboard into the water where he died.

Flores was covered by a policy of workmen's compensation and employers' liability insurance with Great American, which provided:

"Coverage A—Workmen's Compensation. To pay promptly when due all compensation and other benefits required of the insured by the Workmen's Compensation Law.

"Coverage B—Employers' Liability.

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom * * * by any employee of the insured arising out of or in the course of his employment by the insured * * *."

The policy was endorsed:
"EXCLUSION OF MARITIME LIABILITY ENDORSEMENT

"*It is agreed that the policy does not apply to injury, including death resulting therefrom, sustained by a master or a member of the crew of any vessel* (or by any person in the course of employment subject to the United States Longshoremen's and Harbor Workers' Compensation Act, U.S.Code (1946) Title 33, Secs. 901–49.)"

The policy was further endorsed reinstating coverage under the Longshoremen's and Harbor Workers' Compensation Act, but leaving "*a master or member of the crew of a vessel*" still excluded.

Additionally the policy provided (pursuant to Art. 8306, Sec. 12h Vernon's Ann. Tex.Civ.St.) that terms of the policy in conflict with the Workmen's Compensation Law are amended to conform to the law.

Thereafter, Ruth Roberts, widow and administratrix of William Roberts, deceased, filed suit against Flores to recover $350,000 damages for William Roberts' injuries and death. Such suit alleged that deceased's injury and death occurred while he was working "in the course of his employment as a seaman and a member of the crew of a winching barge"; and were proximately caused by acts of negligence on the part of defendants.

Flores gave notice to plaintiff Insurance Company and called upon it to defend the suit. Great American declined to defend, and filed this case for declaratory judgment that it had no obligation to defend (or pay judgment).

Flores answered that the policy (Coverage B) provided that Great American would pay all sums which Flores should become legally obligated to pay because of injury or death of any employee arising out of the course of employment; and that Section 21, Article 8308 V.A.T.S. which provides that the insurance carrier will pay all damages on account of injury of an employee, if the employer shall have given the carrier notice of the action and an opportunity to defend same. Flores

further pleads that the "Maritime Liability Exclusion" excluding from coverage any "master or member of the crew of any vessel" is void as contrary to Section 21, Article 8308 V.A.T.S.

The trial court granted plaintiffs' motion for summary judgment (on the foregoing facts), and decreed and declared plaintiff Insurance Company had no obligation to defend Flores in suit brought against him by Ruth Roberts for the injury and death of William Roberts.

Defendants Flores and Ruth Roberts appeal, contending the trial court erred:

1) In holding that Section 21, Article 8308, V.A.T.S., does not require the insurance carrier to defend a suit brought against its assured by that assured's employee's administratrix, and to indemnify assured against any judgment obtained.

2) In granting summary judgment thereby holding the Marine Exclusion endorsement eliminated the employer's liability coverage otherwise provided therein, and required by Sec. 21, Art. 8308, V.A.T.S.

Defendant Flores' contract of insurance written by Great American provided: 1) Workmen's Compensation coverage on Flores' employees (in Coverage A); 2) Employers' Liability coverage (in Coverage B).

Section 21, Article 8308 provides that if an insured (Flores) takes out compensation insurance, and notifies the insurance carrier of suit so that it can defend; then the carrier is obligated to pay any judgment against the insured.

■ The "Exclusion of Maritime Liability Endorsement" stating the policy does not apply to an injury sustained by a "master or member of a crew of any vessel," is void as to defendant Flores' Workmen's Compensation coverage. But Flores had

additional coverage, namely Employers' liability coverage as set up in Coverage B. We think the exclusion valid as to this coverage; and that Coverage "B" could be and was narrowed by the agreement of the parties.

The suit filed against Flores by Ruth Roberts is not a suit seeking the benefits of the Workmen's Compensation Act, nor is it a suit on the Workmen's Compensation provisions of Flores' policy of insurance. Ruth Roberts' petition alleges that her suit is brought "under the provisions of 46 U. S.C.A., Section 688, commonly called the Jones Act"; further alleges that William Roberts, the injured employee of Flores, was "serving within the course and scope of his employment as a seaman and member of the crew of a winching barge vessel in navigation, powered by the 'Bessie Lee', and situated upon navigable waters near Freeport, Brazoria County, Texas"; that deceased's injury and death were proximately caused by acts of negligence of defendants; and sought recovery of $350,000 damages.

■ In determining the duty of a liability insurer to defend a lawsuit, the allegations of complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations. Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co., Tex.Sup.Ct., 387 S.W.2d 22.

■ Ruth Roberts did not allege a cause of action under the Workmen's Compensation coverage, but under the Employers' Liability coverage (Coverage B), to which the exclusion of the "master or member of the crew of any vessel," is applicable and valid.

The judgment of the trial court is correct. Defendants' points and contentions are overruled.

Affirmed.