TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00415-CV






In re Texas Mutual Insurance Company







ORIGINAL PROCEEDING FROM TRAVIS COUNTY







O P I N I O N



 This original proceeding presents the issue of whether the Texas Workers'
Compensation Commission has exclusive jurisdiction over common law breach-of-contract and
negligence claims arising from a dispute over the effective date of workers' compensation insurance
coverage. We hold that the plaintiff must exhaust its administrative remedies in the Commission
regarding its breach-of-contract claim before the trial court can exercise jurisdiction over either
claim. Because such exhaustion can thus remove the impediment to the trial court's exercise of
jurisdiction, we hold that the trial court should have abated the lawsuit pending the Commission
proceedings. The trial court abused its discretion in denying Texas Mutual's plea to the jurisdiction,
and we conditionally grant the writ. 


BACKGROUND

 The underlying dispute centers on a workers' compensation insurance policy that
Goetz Insurors, an insurance agency, obtained for Cattleco, Inc., a feed lot operator, from Texas
Mutual, the market of last resort for workers' compensation insurance in this state. See generally
Tex. Ins. Code Ann. art. 5.76-3 (West Supp. 2004-05). Goetz contacted Texas Mutual in December
2002 after Cattleco learned that its current workers' compensation carrier was going to drop
coverage at the end of that year. A series of communications followed as Goetz attempted to procure
or verify coverage with Texas Mutual to avoid a coverage gap. These communications and Texas
Mutual's alleged actions or inaction during their course gave rise to the underlying lawsuit. 

 On January 22, 2003, a Cattleco employee, Sonny Stephens, was injured at a Cattleco
facility when a horse fell on him and broke his leg. Texas Mutual, which had not previously issued
a policy document to Goetz and Cattleco, responded by forwarding a policy stating an effective date
of February 10. Under this effective date, Cattleco would have been a nonsubscriber during the
period in which Stephens was injured--and thus would have been exposed to Stephens's common-law claims. (1) As the trial court put it, Cattleco responded to the situation in "the cowboy way": it
entered into a settlement with Stephens in which it attempted to provide the employee the
compensation benefits Goetz believed Texas Mutual owed as its carrier, including medical expenses (2)
and temporary income benefits. (3) 

 Goetz subsequently indemnified Cattleco for these payments, and Cattleco assigned
Goetz its rights against Texas Mutual. Goetz filed suit against Texas Mutual in the Travis County
Court-at-Law No. 1 on behalf of itself and Cattleco. It asserted two claims: (1) breach of the
insurance contract by refusing to provide coverage during the disputed period; and in the alternative
(2) negligence in causing Cattleco to have a coverage gap between the December 31, 2002,
expiration of its prior workers' compensation policy and the February 10, 2003, effective date of the
Texas Mutual policy. Thus, Goetz's breach-of-contract claim presupposes that an insurance policy
contract existed at the time of Stephens's injuries, while its negligence claim assumes that there was
no policy in effect. 

 Under its breach-of-contract theory, Goetz seeks "contractual damages," including
"the benefits expected to be received from the [insurance policy] contract," consequential damages,
and attorney's fees. Under its negligence theory, Goetz seeks damages it claims stem from its
liability exposure as a nonsubscriber, including reimbursement of its settlement payments and
consequential damages. 

 Texas Mutual filed a plea to the jurisdiction asserting that both of Goetz's claims
were within the exclusive subject-matter jurisdiction of the Commission. The trial court denied the
plea, and Texas Mutual sought relief by mandamus. 


DISCUSSION



Availability of mandamus


 Mandamus in an extraordinary remedy only available to correct a clear abuse of
discretion or the violation of a duty imposed by law and only in situations where there is no other
remedy at law. In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000); Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992); In re Nance, No. 03-04-00366-CV, 2004 Tex. App. LEXIS 7318,
at *5 (Tex. App.--Austin August 12, 2002, orig. proceeding). Erroneously analyzing and applying
the law can constitute a clear abuse of discretion. Walker, 827 S.W.2d at 840.

 In In re Entergy, the supreme court ruled that the erroneous denial of a plea to the
jurisdiction based on exclusive agency jurisdiction could justify mandamus relief where it effects
a judicial usurpation of state agency's authority and is a "clear disruption of the 'orderly processes
of government.'" 142 S.W.3d 316, 321 (Tex. 2004). If Texas Mutual is correct that the Commission
has exclusive jurisdiction of all or some of Goetz's claims, we believe the trial court's denial of
Texas Mutual's jurisdictional plea here would likewise usurp the Commission's authority and disrupt
the "orderly processes of government," and that mandamus would be an appropriate, available
remedy. Id.; see also In re ExxonMobil Corp., 2004 Tex. App. LEXIS 7811, at *37-38 (Tex.
App.--Amarillo Aug. 26, 2004, orig. proceeding). 


The Commission's jurisdiction

 General concepts

 "Under the exclusive jurisdiction doctrine, the Legislature grants an administrative
agency the sole authority to make the initial determination in a dispute." Subaru of Am., Inc. v.
David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002) (emphasis in original). Thus, where
an agency has exclusive jurisdiction, the courts have no subject-matter jurisdiction, and a party can
turn to the courts only after first exhausting all administrative remedies in the agency. In re Entergy
Corp., 142 S.W.3d at 321-22; Subaru of Am., 84 S.W.3d at 221. Whether an agency has exclusive
jurisdiction depends upon statutory interpretation. In re Entergy Corp., 142 S.W.3d at 322.

 The Texas Workers' Compensation Act provides that the "exclusive remedy of an
employee covered by workers' compensation insurance coverage" for a work-related injury is
"recovery of workers' compensation benefits" as provided under the Act. Tex. Lab. Code Ann.
§ 408.001(a) (West 1996). Benefits include medical benefits and income benefits. Id. § 401.011(5). 
The Act "vests the power to award compensation benefits solely in the Workers' Compensation
Commission (formerly the Industrial Accident Board), subject to judicial review." American
Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 803 (Tex. 2001); see Tex. Lab. Code Ann.
§ 408.001(a); Saenz v. Fidelity & Guar. Ins. Underwriters, 925 S.W.2d 607, 612 (Tex. 1996);
Howell v. Texas Workers' Comp. Comm'n, 143 S.W.3d 416, 434-39 (Tex. App.--Austin 2004, no
pet. h.). (4) 


 The parties' contentions

 In asserting that both of Goetz's claims are within the Commission's exclusive
jurisdiction, Texas Mutual places primary reliance on Fodge, which held that a claim for damages
in the form of compensation benefits falls within the Commission's exclusive jurisdiction regardless
of the liability theory asserted. 63 S.W.3d at 802-05. Seizing upon Fodge's reasoning, Texas
Mutual characterizes both of Goetz's claims as being for "damages for a denial in payment of
compensation benefits," and thus within the Commission's exclusive jurisdiction. 

 In response, Goetz dismisses the idea the Commission could have any jurisdiction
over its negligence claim, much less exclusive jurisdiction, where the claim presumes Cattleco had
no workers' compensation coverage and the Commission's regulatory regime is based on the
existence of such coverage. See, e.g., Tex. Lab. Code Ann. § 408.001(a) ("recovery of workers'
compensation benefits is the exclusive remedy of an employee covered by workers' compensation
insurance coverage") (emphasis added). 

 As for its breach-of-contract claim, Goetz concedes that issues relating to the
compensability of job-related injuries under a compensation policy fall within Commission
jurisdiction but attempts to distinguish threshold questions regarding whether or when the insurance
contract was formed. It urges that this is not a workers' compensation benefits case but a simple
coverage dispute and emphasizes that Texas Mutual's counsel characterized "[t]he dispute in this
case . . . [as] essentially over the effective date of the insurance policy" before the trial court. Such
issues, Goetz contends, are beyond the Commission's exclusive jurisdiction. 

 Goetz also suggests that, to the extent its breach-of-contract claim raised issues
regarding compensability, Texas Mutual either waived those issues procedurally or did not contest
them as "a practical matter." Goetz points out that the legislature has placed on the compensation
carrier the burden of notifying the Commission of an injury and thereby establishing administrative
jurisdiction over the injury. See Tex. Lab. Code Ann. § 409.021 (West Supp. 2004-05). (5) However,
Texas Mutual did not notify the Commission within seven days of receiving notice of injury. See
id. § 409.021(a). Nor did it either conduct an investigation within sixty days, begin paying benefits,
or file a notice of its refusal to do so along with an explanation. See id. § 409.021(c). As a result,
Goetz argues that section 409.021(c) operates to prevent Texas Mutual from contesting
compensability now. 


 Analysis

 Because Texas Mutual's argument centers on Fodge, we begin with a brief survey
of that opinion. A covered employee, Barbara Anne Fodge, obtained an award of temporary income
benefits from a Commission hearing examiner. Id. at 802. Her carrier had initially denied the claim
on the basis that Fodge's injury was not work-related and that she did not timely notify her employer
of the injury as required by the Act. Id. Neither party appealed that ruling, and the question of
Fodge's possible entitlement to medical benefits, as distinguished from income benefits, was never
raised. Id.

 Subsequently, Fodge filed suit against the carrier alleging it had underpaid and
delayed temporary income benefits, denied and delayed medical treatment, and otherwise mishandled
her claim. Id. She asserted causes of action for breach of the duty of good faith and fair dealing,
negligence, fraud, and violations of the DTPA and the insurance code. Id. at 802-03. Fodge sought
damages for "the loss of the sums due and owing under the workers' compensation insurance
policy," mental anguish related to her inability to obtain medical care, past and future lost wages and
impairment of credit reputation, statutory damages and attorney's fees. Id. at 803. 

 The supreme court held that the Commission had exclusive jurisdiction over both
Fodge's claim for medical benefits "due and owing under the workers' compensation insurance
policy" and her claims predicated on the allegedly bad faith denial or delay of those benefits. It
reasoned:


Because only the Commission can determine a claimant's entitlement to
compensation benefits, it follows, as we reasoned in Saenz [ (6)], that "[a]llowing courts
to award damages for wrongful deprivation of benefits would circumvent the
Commission's jurisdiction" and therefore could not be permitted. Thus, just as a
court cannot award compensation benefits, except on appeal from a Commission
ruling, neither can it award damages for a denial in payment of compensation benefits
without a determination by the Commission that such benefits were due. 
Accordingly, Fodge could not recover damages for American Motorists' breach of
its duty of good faith to pay her medical expenses if she was not entitled to medical
treatment. The court could not adjudicate her damages claim without determining
her entitlement to medical treatment, a matter within the Commission's exclusive
jurisdiction. Her claim for damages from denied medical treatment is made no more
viable simply by restating it under the other legal theories she asserted--negligence,
fraud, and statutory violations. To award damages equal to the cost of denied
medical care is tantamount to ordering that the care be paid for and would, as we said
in Saenz, circumvent the Commission's exclusive authority to decide that issue. The
same is true for Fodge's other claims for damages based on a denial of benefits. 



Id. at 804. In contrast, the supreme court concluded that Fodge's claims related to temporary income
benefits, those for which Fodge had already exhausted her administrative remedies, were ripe for
adjudication in the trial court. Id. at 805. 

 Applying these principles, we hold that Goetz's breach-of-contract claim is within
the Commission's exclusive jurisdiction; it presupposes the existence of a workers' compensation
insurance policy and quite plainly seeks benefits due under that policy. See id. at 803. Goetz's
argument that Texas Mutual waived its right to contest compensability is not a basis for defeating
jurisdiction but merely identifies one of the issues that the Commission would consider when
determining Goetz's benefits claim. Similarly, the Commission also has exclusive jurisdiction to
consider, as part of its determination of the benefits claim, the merit or significance of Goetz's
assertion that "there is really no dispute concerning Mr. Stephens's injury" as "a practical matter." 
In any event, nothing in the record indicates that Texas Mutual explicitly conceded the issue of
compensability. 

 We likewise reject Goetz's assertions that the Commission's exclusive jurisdiction
over workers' compensation benefits claims does not extend to determining whether coverage
existed at the time of Stephens's injury. The legislature has granted the Commission exclusive
jurisdiction over claims for policy benefits. Fodge, 63 S.W.3d at 805. In adjudicating such claims,
the Commission will necessarily have to interpret compensation policies and determine the period
in which coverage existed. Indeed, it appears to routinely do so. See, e.g., Gonzalez v. Cigna Ins.
Co. of Tex., 924 S.W.2d 183, 184-87 (Tex. App.--San Antonio 1996, writ denied); Houston Gen.
Ins. Co. v. Association Cas. Ins. Co., 977 S.W.2d 634, 636 (Tex. App.--Tyler 1998, no pet.). (7) 

 Moreover, Goetz's argument would imply that whenever the Commission, in the
exercise of its exclusive jurisdiction, encounters a coverage issue that can be characterized as going
to "policy formation," the agency must abate its proceedings pending judicial resolution of the
"formation" issue. We doubt that the legislature, in conferring exclusive jurisdiction upon the
Commission to determine compensation benefits claims, intended such an absurd result that
seemingly turns traditional concepts of exclusive jurisdiction on their head. Instead, as Texas Mutual
aptly observes, "[w]hether the carrier does not pay benefits because the employee did not suffer a
compensable injury, or because the employee did not timely notify the employer of the injury, or
because (as here) coverage was not in effect on the date of injury, anyone seeking to compel the
carrier to pay the benefits must first go through the Commission." See Fodge, 63 S.W.3d at 803-04. 
Accordingly, the trial court abused its discretion in denying Texas Mutual's plea to the jurisdiction
regarding Goetz's breach-of-contract claim.

 But Goetz is correct that its negligence claim is outside the Commission's exclusive
jurisdiction. The Commission's exclusive jurisdiction extends to claims for benefits under workers'
compensation insurance policies. Tex. Lab. Code Ann. § 408.001(a). Goetz's negligence claim, by
contrast, presupposes that no workers' compensation insurance policy was in effect at the time of
Stephens's injuries. In addition, this claim is not like those in Fodge, which the trial court could not
adjudicate without determining Goetz's entitlement to workers' compensation benefits. Fodge, 63
S.W.3d at 804 ("The court could not adjudicate her damages claim without determining her
entitlement to medical treatment, a matter within the Commission's exclusive jurisdiction."). We
reject Texas Mutual's attempts to characterize Goetz's negligence damages claim as seeking the
specific workers' compensation benefits of which Cattleco and Stephens were negligently deprived. (8) 
To the contrary, Goetz seeks the damages proximately caused by Texas Mutual's alleged negligence
in causing Cattleco to be a nonsubscriber at the time Stephens was injured, including its out-of-pocket expenditures to eliminate its liability exposure. Although Goetz voluntarily attempted to tie
its out-of-pocket settlement expenditures to the hypothetical workers' compensation benefits
Stephens would have received if there had been coverage, that fact, at most, might bear upon
causation or mitigation of damages elements in its negligence case. The trial court need not
adjudicate the specific amount of benefits the Commission would have awarded. 

 Nonetheless, in the circumstances of this case, the trial court does not have
jurisdiction to adjudicate Goetz's negligence claim until Goetz first exhausts its administrative
remedies regarding its breach-of-contract claim. "Where . . . the administrative remedies are
available for a portion of the plaintiff's claims and the resolution of that portion of the claims may
be determinative of the claims over which the administrative body has no jurisdiction, the trial court
does not have jurisdiction over the claims outside the jurisdiction of the administrative body until
the plaintiff has exhausted its administrative remedies with respect to the claims over which the
administrative body does have jurisdiction." Metro Temps, Inc. v. Texas Workers' Comp. Ins.
Facility, 949 S.W.2d 534, 536 (Tex. App.--Austin 1997, no writ). Here, the Commission's
determination of Goetz's breach-of-contract claim--and, specifically, the issue of whether coverage
existed at the time of Stephens's injury--would be determinative of a portion of Goetz's negligence
claim. If the Commission were to find that coverage existed, that finding would negate the premise
upon which Goetz's negligence claim is based. On the other hand, if the Commission were to find
that the policy was not yet in effect, Goetz would then have the opportunity to assert its negligence
claim in the trial court. The proper course would be for the trial court to abate the negligence claim
until the issue of coverage has been decided. 


Remedy

 Having concluded that the trial court abused its discretion in denying Texas Mutual's
plea to the jurisdiction, we must consider the proper remedy. The supreme court has stated if "a
claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then
it must be dismissed; but if the impediment to jurisdiction could be removed, then the court may
abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured." 
Fodge, 63 S.W.3d at 805. Here, the jurisdictional impediment preventing the trial court from
adjudicating Goetz's claims can be removed if Goetz exhausts its administrative remedies regarding
its breach-of-contract claim. Once it does so, the trial court may proceed, in light of the
Commission's findings, on any remaining issues presented by Goetz's negligence claim. See Subaru
of Am., 84 S.W.3d at 224. Accordingly, the trial court should abate the pending case "to allow a
reasonable opportunity" for Goetz to exhaust its administrative remedies before the Commission
regarding its breach-of-contract claim. 




CONCLUSION

 We conditionally grant Texas Mutual's petition for writ of mandamus. If the trial
court does not vacate its order denying Texas Mutual's plea to the jurisdiction, grant the plea to the
jurisdiction, and abate the case to afford Goetz a "reasonable opportunity" to exhaust its
administrative remedies before the Commission, the writ will issue.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Filed: December 22, 2004

1. See Tex. Lab. Code Ann. § 408.001(a) (West 1996) (the "exclusive remedy of an employee
covered by workers' compensation insurance coverage" for work-related injury is "recovery of
workers' compensation benefits" as provided under the Act); see also id. § 406.033(a) (West Supp.
2004-05) (nonsubscriber employers cannot assert contributory negligence, assumption of risk, or
fellow servant defenses).
2. See id. §§ 408.021(a) (West 1996), .027 (West Supp. 2004-05). 
3. Temporary income benefits are paid by a workers' compensation carrier to an employee
while the employee has a "disability" arising from a "compensable injury," until he or she reaches
"maximum medical improvement." Id. §§ 408.101 (West 1996), .102 (West Supp. 2004-05). To
determine the amount of these benefits, which is derived from a statutorily-defined formula, Cattleco
consulted the Commission's website.
4. Texas Mutual contends that Goetz is a "subclaimant" whose claim for reimbursement of
paid compensation benefits would be derivative of Stephens's claim. See id. § 409.009 (West 1996)
(authorizing any person who has provided compensation benefits to employee and been refused
reimbursement from carrier to file claim with Commission); 28 Tex. Admin. Code § 141.1(a) (2004)
(subclaimant may request benefit review conference, first step in initiating compensation benefits
claim). Goetz does not dispute that it stands in the shoes of Stephens, the employee, for purposes
of the jurisdictional analysis. 
5. Section 409.021(a) provides that "[n]ot later than the seventh day after an insurance carrier
receives written notice of an injury, the insurance carrier shall" either begin paying benefits under
the Act or notify the Commission and the employer in writing of its refusal to pay those benefits. 
Tex. Lab. Code Ann. § 409.021(a) (West Supp. 2004-05). Subsection (c) provides that if a carrier
does not contest compensability of the injury before the sixtieth day after the date on which the
insurance carrier is notified of the injury, the insurance carrier waives its right to contest
compensability. Id. § 409.021(c). Subsection (d) allows a carrier to "reopen the issue of
compensability of an injury if there is a finding of evidence that could not reasonably have been
discovered earlier." Id. § 409.021(d). 
6. 925 S.W.2d 607, 612 (Tex. 1996).
7. Texas Mutual also has provided examples of Commission appeals panel decisions that have
addressed issues of coverage and contract formation. Although not binding on us, these decisions
illustrate the Commission's practice in similar cases.
8. Cf. Saenz v. Fidelity & Guar. Ins. Underwriters, 925 S.W.3d 607, 612 (Tex. 1996) (citing
Brannon v. Pacific Employers Ins. Co., 224 S.W.2d 466, 468 (Tex. 1949); Traders & Gen. Ins. Co.
v. Bailey, 94 S.W.2d 134, 135 (Tex. 1936); and Commercial Cas. Ins. Co. v. Hilton, 87 S.W.2d
1081, 1083 (Tex. 1935)) (holding that person who alleged he or she was fraudulently induced to
settle workers' compensation claim cannot recover damages for hypothetical benefits Commission
would have awarded but for settlement but must instead seek rescission of the settlement and re-file
claim with Commission). The supreme court has explained that "[t]he reason for this rule is that the
Workers' Compensation Act vests the power to award compensation benefits solely in the Workers'
Compensation Commission . . . subject to judicial review" and that "[a]llowing courts to award
damages for wrongful deprivation of benefits would circumvent the Commission's jurisdiction." 
Id.