# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00776-CV

### Texas Mutual Insurance Company, Appellant

### v.

### Texas Department of Insurance, Division of Workers' Compensation, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. GN402619, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

This is an interlocutory appeal from an order granting a plea to the jurisdiction in an employers liability insurance coverage case. Our principal issue concerns whether, as the district court concluded, the Texas Department of Insurance, Division of Workers' Compensation ("the Division")[1] has exclusive jurisdiction over a dispute concerning the coverage period under an employers liability insurance policy. We also consider whether the district court erred in holding that a challenge to a Division rule by appellant Texas Mutual Insurance Company ("Texas Mutual") was not ripe. We will reverse and remand.

## BACKGROUND

---

[1] Effective September 1, 2005, the former Texas Workers' Compensation Commission was abolished and its rules and duties were transferred to the Division. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§ 8.001(b), .004(a), 2005 Tex. Gen. Laws 607, 608. For simplicity, we will use "the Division" to reference both the successor and former entities.

In 2003, Texas Mutual issued a Workers' Compensation and Employers Liability Insurance Policy to AJ Commercial Services, Inc. ("AJ Commercial"). The policy is a standard form promulgated by the Texas Department of Insurance ("TDI"). *See* Tex. Ins. Code Ann. art. 5.57 (West 1981). The standard form provides two types of coverage contained in different parts of the policy. The first part is entitled "Workers' Compensation Insurance" and describes the carrier's obligation to pay, on behalf of the insured employer, "all benefits required of [the employer] by the workers compensation law." Part two of the policy is entitled "Employers Liability Insurance" and covers "all sums [the employer] legally must pay as damages because of bodily injury to your employees" to the extent described in the policy. Part two of the policy expressly does not cover "any obligation imposed by a workers compensation . . . law." The policy stated a single coverage period from February 19, 2003 to February 19, 2004, and a single annual premium amount.

It is undisputed that AJ Commercial did not pay to renew the policy before the policy period expired, although the parties dispute the circumstances and their significance. On July 28, 2004, an AJ Commercial employee, Jorge Andres Garcia, was killed while working for AJ Commercial. AJ Commercial notified Texas Mutual of Garcia's death. Texas Mutual gave notice to Garcia's family and the Division denying workers' compensation benefits on the basis that AJ Commercial was not covered by a Texas Mutual policy on the date of injury.

The Garcia family has not pursued a claim for workers' compensation death benefits. Instead, the family brought a wrongful death action against AJ Commercial in Karnes County district

2

court alleging negligence, premises liability, and gross negligence.[2] AJ Commercial demanded a defense from Texas Mutual under the policy's employers liability coverage. While maintaining that AJ Commercial's policy had expired, Texas Mutual agreed to defend AJ Commercial under a reservation of rights.

AJ Commercial maintained that section 406.008 of the labor code and Division rule 110.1 operated to extend the policy beyond its stated period through the date of injury because it never received a notice of cancellation or non-renewal from Texas Mutual. Section 406.008 provides, in relevant part, that an insurance company's failure to give notice of cancellation or non-renewal of "a policy of workers' compensation insurance" to the policyholder and the Division extends the policy until the date such notice is given. Tex. Lab. Code Ann. § 406.008 (West 2006). Division rule 110.1 provides that the extended coverage date continues until ten days after the employer receives the notice of cancellation or non-renewal. 28 Tex. Admin. Code § 110.1(i) (2003).

Texas Mutual filed suit in Travis County district court seeking a declaration under the Uniform Declaratory Judgments Act that it had no obligation to defend or indemnify AJ Commercial in the wrongful death lawsuit because the employers liability policy it had issued AJ Commercial was no longer in effect. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). Asserting that it had twice faxed offers to renew the policy to AJ Commercial's agent and received no response, Texas Mutual contended that section 406.008 applies only when a carrier declines to

---

[2] In fact, the Garcia family specifically alleged that AJ Commercial had not provided its employees with workers' compensation coverage.

renew coverage, not when an employer declines an offer to renew. Texas Mutual also sought a declaration under section 2001.038 of the government code that Division rule 110.1, by extending coverage until ten days after the insured receives notice of nonrenewal, conflicts with section 406.008, which extends coverage only until the carrier delivers the notice. *See* Tex. Gov't Code Ann. § 2001.038 (West 2000).[3]

The Division responded with a plea to the jurisdiction. It asserted exclusive jurisdiction to determine the dates of coverage under the policy and that Texas Mutual's declaratory judgment claim regarding coverage should thus be dismissed for failure to exhaust administrative remedies. The Division also asserted that Texas Mutual's section 2001.038 rule challenge was not ripe unless and until the Division has occasion to determine how rule 110.1 applies to the present facts. Following a hearing, the district court granted the Division's plea to the jurisdiction and abated the case pending exhaustion of administrative remedies. It also found that Texas Mutual's rule challenge was not ripe and should be abated pending the exhaustion of administrative remedies.[4] From this order, Texas Mutual timely perfected this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2006).

## DISCUSSION

Texas Mutual brings two issues challenging the district court's holdings that (1) the Division had exclusive jurisdiction to determine whether Texas Mutual's employers liability

---

[3] In accordance with subsection (c) of this provision, Texas Mutual named the Division as a party. Tex. Gov't Code Ann. § 2001.038(c) (West 2000).

[4] The district court also heard, but did not rule upon, a motion for summary judgment by Texas Mutual.

coverage remained in effect through the time of injury and (2) Texas Mutual's rule challenge was not ripe.

**The Division's jurisdiction**

"Under the exclusive jurisdiction doctrine, the Legislature grants an administrative agency the *sole* authority to make the initial determination in a dispute." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). Thus, where an agency has exclusive jurisdiction, the courts have no subject matter jurisdiction, and a party can turn to the courts only after first exhausting all administrative remedies. *In re Entergy Corp.*, 142 S.W.3d 316, 321-22 (Tex. 2004); *Subaru of Am.*, 84 S.W.3d at 221. Whether an agency has exclusive jurisdiction depends upon statutory interpretation, *In re Entergy Corp.*, 142 S.W.3d at 322, and is a question of law we review de novo. *Subaru of Am.*, 84 S.W.3d at 222.

The Texas Workers' Compensation Act provides that the "exclusive remedy of an employee covered by workers' compensation insurance coverage" for a work-related injury is "recovery of workers' compensation benefits" as provided under the Act. Tex. Lab. Code Ann. § 408.001(a) (West 2006). "Workers' compensation insurance coverage" is defined as an approved insurance policy, self-insurance, or coverage provided by a government entity that is designed "to secure the payment of compensation." *Id*. § 401.011(44) (West 2006). "Compensation" is defined as "payment of a benefit." *Id*. § 401.011(11). "Benefit" is defined as "a medical benefit, an income benefit, a death benefit, or a burial benefit based on a compensable injury." *Id*. § 401.011(5).

The supreme court has held that the Division's exclusive jurisdiction over claims for "benefits" may extend to issues, albeit raised within common-law claims, whose resolution require

5

adjudication of whether a claimant is entitled to benefits under the Act. Thus, the court held that a common-law claim seeking damages for wrongful deprivation of workers' compensation benefits fell within the Division's exclusive jurisdiction:

> Because only the [Division] can determine a claimant's entitlement to compensation benefits, it follows . . . that allowing courts to award damages for wrongful deprivation of benefits would circumvent the [Division's] jurisdiction and therefore could not be permitted. Thus, just as a court cannot award compensation benefits, except on appeal from a [Division] ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the [Division] that such benefits were due. Accordingly, Fodge could not recover damages for American Motorists' breach of its duty of good faith to pay her medical expenses if she was not entitled to medical treatment. The court could not adjudicate her damages claim without determining her entitlement to medical treatment, a matter within the [Division's] exclusive jurisdiction. Her claim for damages from denied medical treatment is made no more viable simply by restating it under the other legal theories she asserted—negligence, fraud, and statutory violations. To award damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would . . . circumvent the [Division's] exclusive authority to decide that issue. The same is true for Fodge's other claims for damages based on a denial of benefits.

*American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001).

Applying the rationale of *Fodge*, we subsequently held that the Division's exclusive jurisdiction over workers' compensation benefits issues could extend to determining the effective date of a workers' compensation policy. *In re Texas Mut. Ins. Co.*, 157 S.W.3d 75, 81 (Tex.

6

App.—Austin 2004, orig. proceeding).[5] *Texas Mutual* is central to both parties' jurisdictional arguments.

In *Texas Mutual*, Goetz Insurors, an insurance agency, obtained for Cattleco, Inc., a feed lot operator, a workers' compensation insurance policy from Texas Mutual. *Id*. at 77. Goetz contacted Texas Mutual in December 2002, after Cattleco learned that its current workers' compensation carrier was going to drop coverage at the end of that year. *Id*. On behalf of Cattleco, Goetz attempted to procure or verify coverage with Texas Mutual to avoid a coverage gap. *Id*. In January 2003, a Cattleco worker was injured during what Texas Mutual contended was a coverage gap between the effective date of its policy and the expiration of Cattleco's prior workers' compensation policy. *Id*. Because of this alleged gap, Texas Mutual refused to provide benefits. *Id*. Cattleco settled with the injured employee, and attempted to provide the employee the compensation benefits Texas Mutual would have provided under its policy, including medical expenses and temporary income benefits. *Id*. Goetz subsequently indemnified Cattleco for these payments, and Cattleco assigned Goetz its rights against Texas Mutual. *Id*. As a subclaimant, Goetz sued Texas Mutual asserting: (1) breach of its insurance contract by refusing to provide coverage during the disputed period, seeking as damages the amount of benefits allegedly due under the contract; and, alternatively, (2) negligence in causing a coverage gap between the expiration of Goetz's prior policy and the effective date of the Texas Mutual policy. *Id*. Texas Mutual filed a plea to the jurisdiction

---

[5] *See also Howell v. Texas Workers' Comp. Comm'n*, 143 S.W.3d 416, 434-39 (Tex. App.—Austin 2004, pet. denied) (applying *Fodge* to health care provider's claims disputing adequacy of medical payments and holding that provider was required to exhaust its remedies with the Division before seeking judicial relief).

7

alleging that both of Goetz's claims were within the Division's exclusive jurisdiction. *Id*. at 78. After the district court denied its plea, Texas Mutual sought mandamus relief. *Id*.

We held that the breach-of-contract claim was within the Division's exclusive jurisdiction because it "presupposes the existence of a workers' compensation insurance policy and quite plainly seeks benefits due under that policy." *Id*. at 80-81. And to determine whether Goetz was entitled to those benefits, we recognized that the Division would necessarily have to decide whether the Texas Mutual policy was in effect at the time of injury. *Id.* at 81. Thus, we rejected an argument asserted by Goetz that the Division's exclusive jurisdiction categorically did not extend to threshold questions over whether or when the policy was formed. In that context, we explained that "[t]he legislature has granted the [Division] exclusive jurisdiction over claims for policy benefits. In adjudicating such claims, the [Division] will necessarily have to interpret compensation policies and determine the period in which coverage existed." *Id.* at 81.

By contrast, we concluded that the negligence claim was beyond the Division's exclusive jurisdiction because it presupposed that no workers' compensation policy was in effect; thus, the district court could adjudicate the negligence claim "without determining Goetz's entitlement to workers' compensation benefits." *Id*. We abated both claims, however, because the Division's determination of whether coverage existed, as necessary to determine whether Goetz was entitled to benefits under its breach-of-contract claim, would also "be determinative of a portion of Goetz's negligence claim" because the latter claim had been premised upon the absence of coverage. *Id*. at 82; *see also Metro Temps, Inc. v. Texas Workers' Comp. Ins. Facility*, 949 S.W.2d 534, 536 (Tex. App.—Austin 1997, no writ).

The Division construes *Texas Mutual* as confirming its "exclusive jurisdiction to determine the dates of workers' compensation coverage." The present dispute implicates this jurisdiction, the Division urges, due to the structure of the standard form workers' compensation and employers liability policy. The policy "provides a single period of coverage" for both the employers liability portion and the workers' compensation portion. For this reason, the Division reasons that judicial determination of the employers liability coverage period would either have preclusive effect over, or conflict with, a subsequent determination of the workers' compensation coverage period by the Division, if and when a benefits claim is made. Such a result, the Division maintains, "would circumvent the Division's exclusive jurisdiction to determine the dates of workers' compensation coverage."

Texas Mutual questions whether the legislature could have intended the Division to have exclusive jurisdiction over employers liability coverage disputes where, as it urges, "the Labor Code never mentions employers liability insurance." It also disputes the Division's reading of *Texas Mutual* as recognizing exclusive jurisdiction "over every dispute involving a workers' compensation policy, or even every dispute involving the effective date of a workers' compensation policy." That case, Texas Mutual urges, merely "held that the Division may decide those issues when they arise in the context of a workers' compensation benefits dispute." There is no basis for the Division's assertion of jurisdiction here, Texas Mutual reasons, because there is no workers' compensation benefits dispute. Texas Mutual also observes that courts have frequently decided issues of workers' compensation insurance coverage in at least one context not involving a benefits claim: the application of the "comp bar" defense. *See* Tex. Lab. Code Ann. § 408.001(a) (West 2006) (court

9

must determine that employee is "covered by workers' compensation insurance coverage"); *Garza v. Excel Logistics, Inc.*, 161 S.W.3d 473, 477 (Tex. 2005).

We agree with Texas Mutual. The foundation of our analysis in *Texas Mutual* and the supreme court's analysis in *Fodge* was a pending claim whose resolution required a determination of a claimant's entitlement to workers' compensation benefits. Requiring such claims to be first brought in the Division is necessary to effectuate the legislative intent that "recovery of workers' compensation benefits" in the manner prescribed in the workers' compensation act be the "exclusive remedy of an employee covered by workers' compensation insurance coverage." Tex. Lab. Code Ann. § 408.001(a). "Because only the [Division] can determine a claimant's entitlement to compensation benefits," such an issue, even if raised by or subsumed within common-law claims, falls within the Division's exclusive jurisdiction. *Fodge*, 63 S.W.3d at 804; *see also In re Texas Mutual*, 157 S.W.3d at 80-81 (breach-of-contract claim "quite plainly seeks benefits due under that [workers' compensation] policy"). *Texas Mutual* merely recognized that the Division's resolution of a workers' compensation benefits dispute *may* require it to address coverage issues as necessary to resolve the dispute; it does not mean that the Division has exclusive jurisdiction over any and all workers' compensation coverage disputes wherever they might arise. *See Texas Prop. & Cas. Guar. Ass'n v. National Am. Ins. Co.*, No. 03-05-00401-CV, 2006 Tex. App. LEXIS 2605, *19 (Tex. App.—Austin Mar. 31, 2006, pet. filed) (opinion) ("We have recognized that a threshold coverage dispute may be within the exclusive jurisdiction of the [Division] if it arises in a claim for compensation benefits, but ordinarily not if presented by a claim predicated upon the absence of coverage.") (citing *In re Texas Mutual*, 157 S.W.3d at 80-82).

10

Neither Texas Mutual's declaratory judgment action nor the underlying wrongful death suit concerns an entitlement to workers' compensation benefits. Instead of seeking workers' compensation benefits, the Garcia family is alleging that AJ Commercial was negligent in failing to provide insurance on the date of Garcia's injury. This claim is similar to the negligence claim in *Texas Mutual*, which we held to be beyond the Division's exclusive jurisdiction. *In re Texas Mutual*, 157 S.W.3d at 81. Any duty Texas Mutual has to defend or indemnify AJ Commercial would arise under the employers liability coverage in the policy, not the workers' compensation coverage. Consequently, Texas Mutual is seeking a declaratory judgment that the *employers liability* coverage was not in effect on the date of the injury. The district court in this case can determine the dates of coverage of the employers liability insurance "without determining [the Garcia family's] entitlement to workers' compensation benefits."[6] *Id*.

We disagree with the Division's contention that the workers' compensation coverage and the employers liability coverage are "inextricably bound together" in any manner relevant to our

---

[6] We also observe that courts in the past have decided employers liability insurance coverage issues in declaratory judgment actions. *See, e.g.*, *Tri-Coastal Contractors, Inc. v. Hartford Underwriters Ins. Co.*, 981 S.W.2d 861, 863-64 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *Vandewater v. American Gen. Fire and Cas. Co.*, 910 S.W.2d 614, 616 (Tex. App.—Austin 1995, writ denied); *Flores v. Great Am. Ins. Co.*, 401 S.W.2d 690, 692-93 (Tex. Civ. App.—Waco 1966, writ ref'd n.r.e.). Although the Division is correct that these cases do not address the specific contention that the Division has exclusive jurisdiction over this dispute, they at least recognize our starting point: such disputes are within the general jurisdiction of trial courts. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002). "Courts of general jurisdiction presumably have subject matter jurisdiction unless a contrary showing is made. The Texas Constitution provides that a trial court's jurisdiction 'consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.'" *Id*. (citing Tex. Const. art. V, § 8).

11

analysis. The fact that TDI has combined the two coverages in a standard form policy does not expand the scope of the Division's jurisdiction. The question of whether an agency has exclusive jurisdiction is resolved by determining *legislative* intent—not agency intent. *See Subaru of Am.*, 84 S.W.3d at 221 ("An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that Congress intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed.").[7]

As Texas Mutual observes, there is no indication that the legislature intended the Division to determine disputes concerning employers liability insurance coverage. In stark contrast to the elaborate procedures it established for resolving workers' compensation benefits disputes, the legislature did not provide any procedures for the Division to adjudicate disputes concerning employers liability claims. *See* Tex. Lab. Code Ann. §§ 410.002-.308 (procedures for determining workers' compensation benefit claims); *Juliff Gardens, L.L.C. v. Texas Comm'n on Envtl. Quality*, 131 S.W.3d 271, 278 (Tex. App.—Austin 2004, no pet.); *see also Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207-08 (Tex. 2002) (motor vehicle code's failure to establish procedure for agency resolution of prospective transferee's claims against manufacturer demonstrated that Motor Vehicle Board did not have exclusive jurisdiction over such claims); *City of San Antonio v. BSR Water Co.*, 190 S.W.3d 747, 756 (Tex. App.—San Antonio 2005, no pet.) (water code's failure to establish

---

[7] Therefore, we do not find compelling the Division's citation to TDI's policy manual, which provides: "Workers' Compensation as used in this Manual means workers' compensation or occupational disease and, except when otherwise stated, also refers to employers liability insurance." *Texas Basic Manual of Rules, Classifications and Experience Rating Plan for Workers' Compensation and Employers Liability Insurance*, Rule 1A (1994).

process for agency resolution of contract dispute between utility and private party supported court's conclusion that agency did not have exclusive jurisdiction over such disputes).

"There is no presumption that administrative agencies are authorized to resolve disputes. Rather, they may exercise only those powers the law, in clear and express statutory language, confers upon them. Courts will not imply additional authority to agencies, nor may agencies create for themselves any excess powers." *Subaru of Am.*, 84 S.W.3d at 220; *see BCY Water Supply Corp. v. Residential Invs. Inc.*, 170 S.W.3d 596, 600 (Tex. App.—Tyler 2005, pet. denied) ("Courts will not divine by implication additional authority to agencies, nor may agencies create for themselves any excess powers.").

Whatever the merits of the Division's concerns regarding when and if Garcia's children someday seek workers' compensation death benefits, we cannot permit the Division to augment its statutorily-conferred jurisdiction merely because it asserts reasons of policy or practicality to do so. Such policy determinations belong to the legislature, not the courts. *See Mid-Century Ins. Co. v. Texas Workers' Comp. Comm'n*, 187 S.W.3d 754, 758 (Tex. App.—Austin 2006, no pet.) ("the legislature, in fact, carefully balanced the competing interests of injured employees, employers, and insurance carriers in an attempt to create a viable compensation system, all within constitutional limitations").

We sustain Texas Mutual's first issue.

**Ripeness**

In its second issue, Texas Mutual contends that the validity of Division rule 110.1 is ripe for adjudication. Ripeness is an element of subject matter jurisdiction and is a legal question we review de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass. *Patterson v. Planned Parenthood of Houston & Southeast Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998); *Save Our Springs Alliance v. City of Austin*, 149 S.W.3d 674, 683 (Tex. App.—Austin 2004, no pet.). "For a controversy to be justiciable, there must be a real controversy between the parties that will be actually resolved by the judicial relief sought." *State Bar of Tex. v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *Save Our Springs Alliance*, 149 S.W.3d at 683. An action for declaratory judgment will lie when the fact situation manifests the presence of "ripening seeds of a controversy." *City of Waco v. Texas Natural Res. Conservation Comm'n*, 83 S.W.3d 169, 175 (Tex. App.—Austin 2002, pet. denied); *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153-54 (Tex. App.—Austin 1998, no pet.). The doctrine has a pragmatic, prudential aspect that is directed toward conserving "judicial time and resources for real and current controversies, rather than abstract, hypothetical, or remote disputes." *Mayhew*, 964 S.W.2d at 928. Moreover, avoiding premature litigation prevents courts from entangling themselves in abstract disagreements, while allowing other branches of government and governmental agencies to perform their functions unimpeded. *Patterson*, 971 S.W.2d at 443. A claimant need not show that an injury has occurred, provided that injury is imminent or sufficiently likely. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000); *Patterson*, 971 S.W.2d at 442. To determine

14

ripeness, we must examine both the fitness of the issues for judicial decision and the hardship occasioned by the court's denying judicial review. *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 843 S.W.2d 718, 724 (Tex. App.—Austin 1992, writ denied).

Texas Mutual has brought its challenge to the validity of Division rule 110.1 pursuant to section 2001.038 of the Administrative Procedure Act, which provides that:

> The validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff.

Tex. Gov't Code Ann. § 2001.038(a).

Texas Mutual has alleged that AJ Commercial has threatened to apply Division rule 110.1 in a manner that would interfere with or impair Texas Mutual's legal right not to defend AJ Commercial in the Garcia family's wrongful death suit. This is not a hypothetical dispute. The wrongful death suit is currently proceeding and Texas Mutual is currently defending AJ Commercial under a reservation of rights. Whether or not Texas Mutual must continue defending the suit depends in part on the validity of Division rule 110.1. Clearly, the validity of the rule is an actual controversy that is ripe for adjudication.

The Division asserts that Texas Mutual's challenge to rule 110.1 is not ripe "until the Division has applied the rule." However, section 2001.038 expressly provides that a "court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question." *Id*. § 2001.038(d). In fact, the purpose of section 2001.038 is to obtain a final declaration of a rule's validity before the rule is applied.

15

*Charlie Thomas Ford, Inc. v. A. C. Collins Ford, Inc.*, 912 S.W.2d 271, 275 (Tex. App.—Austin 1995, writ dism'd); *see also State Bd. of Ins. v. Deffebach*, 631 S.W.2d 794, 797 (Tex. App.—Austin 1982, writ ref'd n.r.e.) ("[O]ne is not required to wait until the rule is attempted to be enforced against him before he may resort to declaratory relief."). To require Texas Mutual to wait to challenge the rule until the Division has applied it to the facts of this case would defeat the purpose of section 2001.038. Additionally, Texas Mutual's rule challenge will not require the determination of any facts and involves a pure question of law—the facial validity of Division rule 110.1. Given the current controversy between Texas Mutual and AJ Commercial, we conclude that this question is ripe for adjudication. We sustain Texas Mutual's second issue.

## CONCLUSION

Having sustained Texas Mutual's issues on appeal, we reverse the judgment of the district court and remand this case for further proceedings consistent with this opinion.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Pemberton, and Waldrop

Reversed and Remanded

Filed: December 15, 2006

16