IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00252-CV

 

In re
American Casualty Company 

of Reading, Pennsylvania

 

 



Original Proceeding

 

 



Opinion



 

            American Casualty Company of Reading, Pennsylvania seeks a writ of mandamus compelling Respondent, the Honorable Gene
Knize, Judge of the 40th District Court of Ellis County, to set aside an order
granting a motion by the real parties in interest to lift an abatement order
and permit discovery in the underlying suit.  We will conditionally grant the
relief requested.

Background

            Belinda Parker-Jett and her husband
Tim filed suit in 2003 against American Casualty, a workers compensation
insurance carrier, alleging that American Casualty had improperly delayed or
denied payment of medical benefits and other expenses incurred for a
work-related injury suffered by Parker-Jett.  They alleged claims for breach of
contract, deceptive trade practices, unfair insurance practices, and breach of
the duty of good faith and fair dealing.  They later requested an abatement of
the suit pending resolution of administrative proceedings before the Texas
Workers’ Compensation Commission[1]
regarding American Casualty’s denial of reimbursement for mileage and
prescription medications and its denial of coverage for psychological treatment. 
Respondent granted this request in August 2004, ordering that the suit be
abated “until such time as Plaintiff has fully and completely exhausted her
administrative remedies.”

            The plaintiffs filed a motion to lift
the abatement order in April 2007, stating that “all remedies have been
exhausted.”  American Casualty filed a response opposing any lifting of the
abatement order.  American Casualty advised Respondent that the plaintiffs were
still pursuing an appeal in a Dallas County district court of an adverse
administrative decision by the Division on their claim regarding coverage for
psychological treatment, that the claim regarding reimbursement for
prescription medications remained pending before the Division, and that
plaintiffs’ counsel had agreed that they were not entitled to reimbursement for
mileage.

            At a hearing on the motion to lift the
abatement order, American Casualty reiterated these contentions, and the
plaintiffs did not refute them.  Instead, plaintiffs’ counsel argued, “We’ve
had this abated since 2004.  We believe we need to move forward on this case. 
It’s been three years now, and there’s a good chance discoverable materials are
not going to be available anymore.”  Over American Casualty’s objection,
Respondent advised that he would lift the abatement order “as to any
discovery.”  Respondent’s written order provides in pertinent part, “ORDERED
that the abatement of this lawsuit is lifted with respect to the parties’
ability to conduct discovery only.  For all purposes other than discovery, the
suit remains abated.”

Abuse of Discretion

            Mandamus relief is available only to
correct a clear abuse of discretion when there is no adequate remedy by
appeal.  In re Tex. Dep’t of Family & Protective Servs., 210 S.W.3d 609,
612 (Tex. 2006) (orig. proceeding); In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

            The parties do not disagree that the
principles enunciated in American Motorists Insurance Co. v. Fodge and
similar cases govern the abatement procedures in this case.  63 S.W.3d 801 (Tex. 2001).  In that case, the Supreme Court held that a compensation claimant cannot
prosecute a suit for benefits and damages resulting from a denial of benefits
without a prior determination by the Division that she is entitled to those benefits. 
See id. at 804-05.  This is because the Division has exclusive
jurisdiction to determine a claimant’s entitlement to benefits.  Id. at 804; see also Tex. Mut. Ins. Co. v. Tex. Dep’t of Ins., 214 S.W.3d 613,
619 (Tex. App.—Austin 2006, no pet.); Tex. Mut. Ins. Co. v. Sonic
Sys. Int’l, Inc., 214 S.W.3d 469, 480 (Tex. App.—Houston [14th Dist.] 2006,
pet. denied); Roskey v. Continental Cas. Co., 190 S.W.3d 875, 880 (Tex. App.—Dallas 2006, pet. denied).

            When a plaintiff files suit related to
claims lying within the exclusive jurisdiction of the Division which the
Division has not yet finally resolved, “the court may abate proceedings to
allow a reasonable opportunity for the jurisdictional problem to be cured.”  Am.
Motorists Ins., 63 S.W.3d at 805; accord In re Tex. Mut. Ins. Co.,
157 S.W.3d 75, 82-83 (Tex. App.—Austin 2004, orig. proceeding).  The Supreme
Court later explained in more detail how this abatement procedure relates to
the trial court’s jurisdiction in a case involving the Texas Motor Vehicle
Board and claims arising under the exclusive jurisdiction of the Texas Motor
Vehicle Commission Code.

McDavid must exhaust its administrative remedies
before the trial court determines the damages arising from McDavid’s Code-based
claims.  Until McDavid exhausts its administrative remedies to obtain final
Board findings on the Code issues, the trial court lacks subject matter
jurisdiction to try the alleged damages arising from McDavid’s Code-based
claims.

 








Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 227 (Tex. 2002).

            Applying the Subaru analysis to
the present case, “the trial court lacks subject matter jurisdiction” to try
the plaintiffs’ claims until the plaintiffs have exhausted their administrative
remedies with the Division.  Id.  It is undisputed that the plaintiffs
have not yet exhausted their administrative remedies.  Therefore, because “the
trial court lacks subject matter jurisdiction,” Respondent abused his
discretion by lifting the abatement order to permit discovery.

 

 

Adequate Remedy

            American Casualty argues that it has
no adequate remedy by appeal because Respondent has refused to fully abate
claims for which the Division still has exclusive jurisdiction.  As we have
explained, the trial court lacks subject matter jurisdiction over the claims of
the real parties in interest.  Thus, we must decide whether American Casualty
has an adequate remedy by appeal to challenge Respondent’s order permitting
discovery in a case in which Respondent has not yet acquired (and may not ever
acquire) subject matter jurisdiction.

            In Prudential Insurance, the
Supreme Court explained that the determination of whether a litigant has an adequate
remedy “resists categorization.”  148 S.W.3d at 136.

Mandamus review of significant rulings in
exceptional cases may be essential to preserve important substantive and
procedural rights from impairment or loss, allow the appellate courts to give
needed and helpful direction to the law that would otherwise prove elusive in
appeals from final judgments, and spare private parties and the public the time
and money utterly wasted enduring eventual reversal of improperly conducted
proceedings.  An appellate remedy is “adequate” when any benefits to mandamus
review are outweighed by the detriments.  When the benefits outweigh the
detriments, appellate courts must consider whether the appellate remedy is
adequate.

 

            This determination is not an abstract
or formulaic one; it is practical and prudential.  It resists categorization,
as our own decisions demonstrate.  Although this Court has tried to give more
concrete direction for determining the availability of mandamus review, rigid
rules are necessarily inconsistent with the flexibility that is the remedy’s
principal virtue.   

 

Id.

 

            Thus, in a case procedurally similar
to this one, the Beaumont Court of Appeals granted mandamus relief from an
order requiring defendants to submit to depositions even though the court had
ordered the parties to arbitration in parallel litigation.  See In re Ghanem,
203 S.W.3d 896, 900 (Tex. App.—Beaumont 2006, orig. proceeding).

            This case is also procedurally similar
to innumerable arbitration cases in which it has been held that a party has no
adequate remedy by appeal when it is wrongfully denied the benefits of its
agreement to arbitrate.  See, e.g., In re Dallas Peterbilt, Ltd., 196
S.W.3d 161, 163 (Tex. 2006) (per curiam) (orig. proceeding); Jack B. Anglin
Co. v. Tipps, 842 S.W.2d 266, 272-73 (Tex. 1992) (orig. proceeding).

            As a carrier in the workers’
compensation system, American Casualty has a statutory expectation that claims
will be administratively determined by the Division before litigation may be
pursued.  Absent mandamus relief, American Casualty will be deprived of the
benefits of the workers’ compensation system.  Cf. Jack B. Anglin Co., 842 S.W.2d at 272-73 (“Absent mandamus relief, Anglin would be deprived of the
benefits of the arbitration clause it contracted for, and the purpose of
providing a rapid, inexpensive alternative to traditional litigation would be
defeated.”).  Therefore, we hold that American Casualty has no adequate remedy
by appeal.

Conclusion

We conditionally grant the requested writ of
mandamus.  The writ will issue only if Respondent fails to advise this Court in
writing within fourteen days after the date of this opinion that he has vacated
the order he signed on August 3, 2007 lifting the abatement order so the
parties could conduct discovery.

 

 

 

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Writ conditionally
granted

Opinion delivered and
filed September 19, 2007

[OT06]









[1]
              Effective September 1, 2005,
the Texas Workers' Compensation Commission was abolished and its rules and duties
were transferred to the Texas Department of Insurance, Division of Workers’
Compensation.  See Act of May 29, 2005, 79th Leg., R.S., ch. 265, §§
8.001(b), 8.004(a), 2005 Tex. Gen. Laws 469, 607-08.  Hereinafter, we refer to
this agency (both in its present and former configurations) as “the Division.”








. App. 2005, order).

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

(Justice
Vance concurring with note)*

Affirmed

Opinion
delivered and filed April 20, 2005

Do
not publish

[CR25]

 

          * “(Justice Vance concurs with a
note.  Under the Hawkins standard, we should consider the cumulative prejudicial
effect of all improper arguments in determining the severity of the
misconduct.  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  (“Prejudice is clearly the touchstone of the
first factor” of the test.)  We should
also consider whether the trial court’s instruction was adequate to cure the
prejudice caused by the arguments that the trial court had found to be
improper.)”