# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00404-CV

### In re Texas Mutual Insurance Company and Natalie L. Garcia

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

### O P I N I O N

This mandamus proceeding presents issues concerning the scope of the exclusive jurisdiction that the Legislature has delegated to the Texas Department of Insurance, Division of Workers' Compensation ("DWC"), to make initial determinations in certain disputes involving workers' compensation benefits. After real-party-in-interest James E. Jones sued Texas Mutual Insurance Company and one of its insurance adjusters (collectively, "Texas Mutual") asserting various causes of action predicated on Texas Mutual's alleged delays in handling his workers' compensation claim, Texas Mutual filed a plea to the jurisdiction asserting that Jones's own delays in exhausting his administrative remedies before the DWC, and failures to exhaust such remedies, had deprived the district court of subject-matter jurisdiction. The district court denied the plea. Texas Mutual has filed a petition for writ of mandamus requesting this Court to compel the district court to grant its plea to the jurisdiction and to dismiss Jones's suit in its entirety for failure to exhaust his administrative remedies. Because we conclude that Jones has exhausted his administrative remedies, such that the district court possesses subject-matter jurisdiction over Jones's suit, we will deny the petition.

## BACKGROUND

On October 18, 2006, Jones fell from a forklift while at work. He reported to a doctor the next day that he had injured his left shoulder in the fall. After several months of additional doctor visits and continued treatment of the left shoulder, Jones saw an orthopedic surgeon in April 2007. Jones reported to the orthopedic surgeon that he had also injured his right shoulder when he fell from the forklift. The orthopedic surgeon, who later performed surgery to repair the injury to Jones's left shoulder in August 2007, recommended after a post-operative examination that Jones have arthroscopic surgery on his right shoulder as a diagnostic measure.

In September 2007, the DWC assigned a designated doctor to examine Jones and determine the impairment, if any, caused by the injury and whether Jones had reached maximum medical improvement (MMI). *See* Tex. Lab. Code Ann. § 408.0041(a) (West Supp. 2010); 28 Tex. Admin. Code § 126.7 (2010) (Texas Div. of Workers' Comp., Designated Doctor Examinations; Requests and General Procedures). The designated doctor reported that Jones had not reached MMI because his "right shoulder needs to be evaluated," and that it was the designated doctor's "impression that the [right-shoulder] disability relates to" Jones's fall from the forklift. Texas Mutual, which had accepted Jones's claim of a compensable left-shoulder injury and had been paying him medical and income benefits, asserts that this is the first instance in which it had been informed of Jones's claim that he suffered an injury to his right shoulder. Shortly after receiving the designated doctor's report, Texas Mutual filed a notice that it was disputing that Jones's right-shoulder injury was causally related to the fall from the forklift. Nevertheless, Texas Mutual continued to pay Jones's income and medical benefits as required and also paid for an MRI scan of Jones's right shoulder in December 2007.

2

After reviewing the MRI image of Jones's right shoulder, the designated doctor reported that it was his opinion that the right-shoulder injury had been caused by the fall from the forklift. Soon after that, in mid-January 2008, Jones requested preauthorization from Texas Mutual for surgery to repair the right-shoulder injury he suffered in the forklift fall.[1] Texas Mutual approved the requested surgery two days later, but Jones did not have the surgery at that time because, he asserts, he was "worried" about Texas Mutual's extent-of-injury dispute regarding his right-shoulder.

Instead, Jones requested a benefit review conference to address Texas Mutual's extent-of-injury dispute. *See* Tex. Lab. Code Ann. §§ 410.021-.034 (West 2006 & Supp. 2010). As a result of that conference, the parties entered into a benefit dispute agreement (BDA) on April 18, 2008, in which Texas Mutual agreed that Jones's "injury of 10/18/06 extends to include the diagnosis of [the injury to] the right shoulder." No other issues were addressed or resolved by the BDA. On May 9, 2008, Jones submitted a second request to Texas Mutual for preauthorization for the surgery on his right shoulder. Texas Mutual approved this request within three days, and Jones had the surgery during the following month.

Six months later, Jones filed suit against Texas Mutual, asserting various causes of action related to Texas Mutual's extent-of-injury dispute regarding Jones's right-shoulder. Texas Mutual filed a plea to the jurisdiction contending that the district court lacked jurisdiction over Jones's claims because Jones had failed to exhaust his administrative remedies before the DWC.

---

[1] Certain medical treatments or services require the carrier's prior authorization or approval. *See* Tex. Lab. Code Ann. § 413.014(b), (c) (West 2006); 28 Tex. Admin. Code § 134.600(a)(7), (p) (2010) (Texas Div. of Workers' Comp., Preauthorization, Concurrent Review, and Voluntary Certification of Health Care). The carrier is not liable for treatments and services requiring preauthorization unless preauthorization was sought and obtained from the carrier or ordered by the DWC. *See* Tex. Lab. Code Ann. § 413.014(d); 28 Tex. Admin. Code § 134.600(d).

3

The district court denied Texas Mutual's plea to the jurisdiction. Texas Mutual now seeks review of the district court's order through its petition for writ of mandamus.

## DISCUSSION

Texas Mutual asks us to issue a mandamus ordering the district court to grant Texas Mutual's plea to the jurisdiction and to dismiss Jones's suit for lack of jurisdiction because, Texas Mutual asserts, Jones failed to exhaust his administrative remedies at the DWC.

### Standard and scope of review

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law where no "adequate" remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *See id.* Because a trial court has no "discretion" in determining what the law is, it is said to "abuse its discretion" if it interprets or applies the law incorrectly. *See id.* at 840. In determining whether an appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). To prevent disruption of the orderly processes of government, mandamus review is available to remedy a trial court's erroneous denial of a plea to the jurisdiction for failure to exhaust administrative remedies in a dispute that implicates the DWC's exclusive jurisdiction. *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding) (per curiam).

To analyze Texas Mutual's assertion that the district court lacks jurisdiction over Jones's claims because Jones failed to exhaust his administrative remedies, we apply the same

4

standard of review as with other jurisdictional challenges. *See Apollo Enters., Inc. v. Scripnet, Inc.*, 301 S.W.3d 848, 857 (Tex. App.—Austin 2009, no pet.) (citing *Stinson v. Insurance Co. of the State of Pa.*, 286 S.W.3d 77, 83 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)). We begin with the plaintiff's live pleadings. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The pleader has the initial burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id*. (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). Whether the pleader has met this burden is a question of law that we review de novo. *Id*. We construe the pleadings liberally and look to the pleader's intent. *Id*.

When resolving issues presented by the plea to the jurisdiction, we may consider evidence that the parties have submitted. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea to the jurisdiction may be based on evidence and seek to challenge the existence of jurisdictional facts alleged in the pleadings. *Miranda*, 133 S.W.3d at 226-27. To the extent such a challenge implicates the merits of the plaintiff's cause of action, the party asserting the plea has the burden of negating a genuine issue of material fact as to the jurisdictional fact's existence. *Id*. at 228. Whether the party met this burden is a question of law. *Id*. If the party fails to meet this burden or does not challenge a pleaded jurisdictional fact, we assume the fact is true. *Id*.

**Jones's claims**

Jones's case, which Jones characterizes as "a bad faith claims-handling suit," asserts what are styled as four causes of action against Texas Mutual: breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, and intentional infliction of emotional distress. Each of Jones's causes of action is based on

5

his allegation that Texas Mutual "without any support, disputed that [Jones]'s right shoulder was injured in the on-the-job injury." According to Jones, "[d]amage from the dispute was that surgery [to his right shoulder] was delayed," and that delay, Jones asserts, hampered and prolonged his recovery and caused a new, unspecified injury, mental anguish, and financial ruin. Stated more simply, Jones claims that Texas Mutual damaged him by delaying the right-shoulder surgery to which he claims he was entitled under the Texas Workers' Compensation Act, *see* Tex. Lab. Code Ann. §§ 401.001-501.051 (West 2006 & Supp. 2010).

**Exhaustion of remedies**

Resolution of the issues here begins with the proposition that the district court has subject-matter jurisdiction to decide Jones's suit except to the extent that the Legislature has provided otherwise.[2] It is well established that the DWC has exclusive jurisdiction to determine

---

[2] As we have previously explained:

Our analytical starting point for determining whether the judiciary or an administrative agency has power to adjudicate these claims is Article V, section 8 of the Texas Constitution. It provides that a district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. The legislature has provided by statute that district courts possess "the jurisdiction provided by Article V, Section 8, of the Texas Constitution," and "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." Tex. Gov't Code Ann. §§ 24.007-.008 (West 2004). Thus, "[c]ourts of general jurisdiction presumably have subject matter jurisdiction unless a contrary showing is made." *Subaru* [*of Am., Inc. v. David McDavid Nissan, Inc.*], 84 S.W.3d [212,] 220 [(Tex. 2002)].

By contrast, "there is no presumption that administrative agencies are authorized to resolve disputes. Rather, they may exercise only those powers the law, in clear and

6

a claimant's entitlement to workers' compensation benefits. *See In re Liberty Mut.*, 295 S.W.3d at 328; *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803-04 (Tex. 2001); *Pickett v. Texas Mut. Ins. Co.*, 239 S.W.3d 826, 835-36 (Tex. App.—Austin 2007, no pet.). A logical extension of this principle is that a court has no jurisdiction to award damages against a carrier predicated on the allegedly wrongful deprivation or delay of workers' compensation benefits to an injured worker, except on judicial review, "without a determination by the [DWC] that such benefits were due." *Fodge*, 63 S.W.3d 804; *see Pickett*, 239 S.W.3d at 835-36. This is so even if such claims are couched, as they are here, in terms of tort or statutory violations, because awarding "damages based on a denial of benefits" is "tantamount to ordering that the care be paid for and would . . . circumvent the [DWC]'s exclusive authority to decide that issue." *Fodge*, 63 S.W.3d at 804; *see Pickett*, 239 S.W.3d at 835-36. Thus, because Jones's claims against Texas Mutual are based on its alleged delay of a workers' compensation benefit—i.e., surgery to repair a compensable right-shoulder

> express statutory language, confers upon them." *Id.* "Courts will not imply additional authority to agencies, nor may agencies create for themselves any excess powers." *Id.* The courts are not divested by an agency of the subject-matter jurisdiction they would otherwise possess to adjudicate a dispute unless the legislature has granted the agency exclusive jurisdiction, or the sole power to make the initial determination in the dispute. *Id.* at 221.
>
> Whether the legislature has vested exclusive jurisdiction in the agency is determined by examination and construction of the relevant statutory scheme. *Thomas* [*v. Long*, 207 S.W.3d [334,] 340 [(Tex. 2006)] (citing *Subaru*, 84 S.W.3d at 221). We look to whether the Legislature has enacted express statutory language indicating that the agency has exclusive jurisdiction, or if not, whether a "pervasive regulatory scheme" nonetheless reflects legislative intent that an agency have the sole power to make the initial determination in the dispute. *Id*. (citing *Subaru*, 84 S.W.3d at 223). In so doing, we generally follow ordinary principles of statutory construction.

*Apollo Enters., Inc. v. Scripnet, Inc.*, 301 S.W.3d 848, 859 (Tex. App.—Austin 2009, no pet.) (footnote omitted).

7

injury—the district court lacks jurisdiction over Jones's claims unless and until he exhausted his administrative remedies at the DWC. *See Fodge*, 63 S.W.3d at 604; *Pickett*, 239 S.W.3d at 836.

Under the Workers' Compensation Act, a worker "who sustains a compensable injury is entitled to all health care reasonably required by the nature of the injury as and when needed." Tex. Lab. Code Ann. § 408.021(a); *see id*. § 401.011(1) (compensable injury is "an injury that arises out of and in the course and scope of employment"). Thus, to exhaust his administrative remedies regarding the alleged denial of surgery to repair his compensable right-shoulder injury—i.e., to have a "determination by the [DWC] that such benefits were due," *see Fodge*, 63 S.W.3d at 804—Jones needed a determination from the DWC, or its legal equivalent, that (1) his right-shoulder injury arose out of and in the course and scope of employment, and (2) that surgery on the right shoulder was reasonably required. Based on our review of the live pleadings and the appendix, we conclude that Jones satisfied both requirements.

As to the issue of whether his right-shoulder injury was compensable, the parties and the DWC signed a BDA agreeing that Jones's right-shoulder injury arose out of and in the course and scope of his employment: The "Parties agree the compensable injury of 10/18/06 extends to include the . . . [injury to] the right shoulder." Thus, the parties themselves, with the approval of the DWC, finally resolved the compensability issue in Jones's favor. Absent any outstanding disputes, Jones was not required and did not need to take any additional administrative action regarding the compensability issue. *See Pickett*, 239 S.W.3d at 837 (noting that similar agreement, although it did not constitute determination of benefits due because it did not address benefits, did resolve compensability issue). Although Texas Mutual contends that Jones was required to do more and obtain a definitive ruling from DWC as a predicate for his civil claim, the BDA

8

concluded performance of the agency's statutorily delegated functions in resolving the extent-of-injury dispute. *See id.*

As to the second requirement—a determination that surgery on his right shoulder was reasonably required—we conclude that Texas Mutual resolved this issue at least when it preauthorized the surgery on Jones's right shoulder for the second time, if not the first time.[3] *See* Tex. Admin. Code § 134.600 (2010) (Texas Div. of Workers' Comp., Preauthorization, Concurrent Review, and Voluntary Certification of Health Care) (requiring preauthorization for certain medical treatments). Under DWC preauthorization rules, a carrier must approve requests for preauthorization based on the medical necessity of the requested health care. *See id.* § 134.600(h). By approving the preauthorization, Texas Mutual acknowledged that the surgery was medically necessary. Accordingly, there were no outstanding issues regarding his entitlement to the surgery for which Jones was required or would need to seek further administrative determination. And, absent a pending dispute that the Legislature has delegated to the DWC to initially determine, the district court possessed subject-matter jurisdiction over Jones's suit. *See Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221, 224 (Tex. 2002); *Fodge*, 63 S.W.3d at 805.

Although Texas Mutual asserts that Jones entirely failed to exhaust his administrative remedies with respect to the extent-of-injury dispute—a contention we have rejected—its primary contention is that Jones's delays in exhausting his remedies deprived the district court of subject-matter jurisdiction to award him any damages accruing during the periods of delays in treatment

---

[3] Although Texas Mutual preauthorized right-shoulder surgery on January 16, 2008, that preauthorization expired on March 16, 2008, by its own terms. *See* 28 Tex. Admin. Code § 134.600(l) (requiring carrier to designate specific period of time to complete the authorized treatment).

9

that were attributable to him. In particular, Texas Mutual argues that Jones's failure to request preauthorization for right-shoulder surgery until fifteen months after his accident and his failure to have the surgery immediately after he obtained the first preauthorization from Texas Mutual deprived the district court of subject-matter jurisdiction to award damages "for the time period *before* [Jones] requested surgery to his right shoulder." (Emphasis added.) Similarly, Texas Mutual argues that the district court lacks jurisdiction over Jones's claim "for the time period *after* Texas Mutual preauthorized his surgery" for the first time because he failed to have the surgery at that time. (Emphasis added.) These assertions hint at a more general complaint that the Workers' Compensation Act provides Jones his exclusive remedies with respect to Texas Mutual's duties to pay benefits, in lieu of his common-law claims—an issue that is currently pending before the Texas Supreme Court.[4] But accepting—unless and until the supreme court instructs us otherwise—that Jones's common-law claims are cognizable under Texas law, we cannot agree with Texas Mutual that the claims currently implicate the DWC's exclusive jurisdiction now that Jones has exhausted his administrative remedies.

Texas Mutual's complaints that Jones delayed seeking preauthorization and delayed having surgery after preauthorization was approved are in the nature of a mitigation defense—i.e., assertions by a defendant that the plaintiff's actions forestall all or at least some of the plaintiff's damages, *see Gunn Infiniti v. O'Byrne*, 996 S.W.2d 854, 857 (Tex. 1999)—or an assertion that the plaintiff's recovery should be reduced by the percentage of plaintiff's damages that are attributable to the plaintiff's action or inactions, *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-.017

---

[4] *See Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651 (Tex. App.—Houston [1st Dist.] 2008, pet. granted).

(West 2008). Such defenses are customarily addressed by the fact finder at trial. *See* Tex. R. Civ. P. 94 (listing affirmative defenses).

Under *Fodge* and its progeny to date, subject-matter jurisdiction over a claim for denial of workers' compensation benefits depends on *whether* an initial determination that the benefits are due has first been made through the DWC's administrative processes. *See Fodge*, 63 S.W.3d at 804; *Apollo*, 301 S.W.3d at 862; *Pickett*, 239 S.W.3d at 836; *In re Texas Mut. Ins. Co.*, 157 S.W.3d 75, 80-81 (Tex. App.—Austin 2004, orig. proceeding). Once this initial determination has been finally made, subject-matter jurisdiction reverts to the district court. *See Subaru*, 84 S.W.3d at 221, 224; *In re Texas Mut.*, 157 S.W.3d at 82-83. We find no support for Texas Mutual's notion that, after the administrative remedies are exhausted, the subject-matter jurisdiction that the district court would otherwise possess is somehow limited by retrospective temporal limits that constrain its power to award damages—and it is not our prerogative to create such limits. Instead, we believe that this sort of issue bearing on mitigation of damages or relative fault is among those that remain within the district court's power to decide.

Finally, Texas Mutual argues that the district court lacks jurisdiction over Jones's claims because Jones failed to seek an interlocutory order requiring Texas Mutual to pay for disputed benefits during the extent-of-injury dispute. *See* Tex. Lab. Code Ann. §§ 410.032, 413.055; 28 Tex. Admin. Code § 133.306(b)(1) (Texas Div. of Workers' Comp., Interlocutory Orders for Medical Benefits). But the availability of an interlocutory order from the DWC, although an *option* for claimants that may itself serve as an exhaustion of remedies, is not dispositive here because Jones, again, obtained the determinations required to exhaust his administrative remedies—i.e., that his right-shoulder injury was compensable and that the requested surgery was medically necessary.

11

Again, although Texas Mutual's argument here may be relevant to mitigation of damages or proportionate responsibility, it does not affect our jurisdictional inquiry.

## CONCLUSION

Having determined that Jones exhausted his administrative remedies regarding the causes of action asserted in this case, we deny Texas Mutual's petition for writ of mandamus.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed:   August 3, 2011