**Petition for Writ of Mandamus Denied and Memorandum Opinion filed March 22, 2012.**



In The

# 𝔉ourteenth Court of Appeals

———————————

## NO. 14-12-00174-CV

———————————

### IN RE NEW HAMPSHIRE INSURANCE COMPANY,
### GALLAGHER BASSETT SERVICES, INC., and MANUEL ARAGON Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-14630**

---

## M E M O R A N D U M   O P I N I O N

In this original proceeding, relators, New Hampshire Insurance Company, Gallagher Bassett Services, Inc., and Manuel Aragon, seek a writ of mandamus ordering the respondent, the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court, to set aside her November 28, 2011 order denying relators' plea to the jurisdiction for failure to exhaust administrative remedies, grant the plea to the jurisdiction, and dismiss the case for lack of jurisdiction.

The real party in interest, Catherine Penarugia, sustained a compensable injury on January 11, 2009, while working for Continental Airlines. She filed a workers' compensation claim. After an administrative hearing before the Texas Department of Insurance, Workers' Compensation Division (DWC), the extent of the compensable injury was extended to include cervical stenosis at C3-C4, C4-C5, and C5-C6. The administrative decision further ordered as follows:

> Carrier is ordered to pay benefits in accordance with this decision, the Texas Workers' Compensation Act, and the Commissioner's Rules. Accrued but unpaid income benefits, if any, shall be paid in a lump sum together with interest as provided by law.

It appears from this sparse record that Penarugia's benefits were paid by the insurer. Penarugia then filed the underlying worker's compensation insurance bad faith lawsuit, asserting causes of action for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act resulting from the delay in the handling of her extent-of-injury claim. Relators filed a plea to the jurisdiction alleging that Penarugia failed to exhaust her administrative remedies, and the trial court denied the plea. Relators now bring this proceeding.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). Mandamus review is available to remedy a trial court's erroneous denial of a plea to the jurisdiction for failure to exhaust administrative remedies in a dispute that implicates the Worker's Compensation Division's exclusive jurisdiction. *In re Liberty Mut. Fire Ins. Co.*, 295 S.W.3d 327, 328 (Tex. 2009) (orig. proceeding) (per curiam).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379,

2

382 (Tex. 2005). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to the resolution of factual issues or matters committed to the trial court's discretion. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).

In this case, after a contested hearing, the DWC determined that the original injury extended to Penarugia's cervical stenosis claim and ordered disputed "benefits" paid. The real party argued to the court below that after the DWC decision, there was no further dispute requiring administrative action. The record before this court does not provide sufficient information to determine whether all issues in dispute were decided by the DWC. *Cf. In re Texas Mut. Ins. Co.,* 321 S.W.3d 655 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (granting mandamus relief after a detailed analysis of the injuries and disputed claims determined that administrative remedies had not been exhausted); *In re Liberty Ins. Corp.,* 321 S.W.3d 630 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding) (same).

The Workers' Compensation Act "does not require a claimant to seek review of issues not in dispute." *Tex. Mut. Ins. Co. v. Ruttiger, —* S.W.3d —, 2011 WL 3796353, *5, 54 Tex. Sup. J. 1642 (Tex. Aug. 26, 2011) (reh'g granted Feb. 17, 2012); *see also In re New Hampshire Ins. Co., —* S.W.3d —, 2011 WL 3805721, *6 (Tex. App.—Corpus Christi Aug. 29, 2011, orig. proceeding) (denying mandamus relief because there was evidence of an agreement that benefits were due, precluding the need to seek administrative remedies).[1] In *Ruttiger,* the insurer argued, as in this case, that the trial court lacked jurisdiction because the DWC had not made a determination that the worker was entitled to specific benefits that were wrongly denied. *Id.* at *4. There are four levels of review, but a claimant is not required to go through every step because disputes may be resolved at any level. *Id.* As here, the insurer argued that the DWC determined compensability, but not medical benefits. *Id.* The Supreme Court rejected the argument

---

[1] It is noteworthy that relators did not cite to these cases in their petition.

3

that *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001) required the worker to obtain a determination from the DWC that he was entitled to the specific medical benefits that he claimed were wrongly denied, and the court held that the worker had exhausted his administrative remedies. *Id.* at *5.

This case is similar to *In re Texas Mutual Ins. Co.,* ___ S.W.3d ___, 2011 WL 3435738 (Tex. App.—Austin Aug. 3, 2011, orig. proceeding). In that case, left-shoulder benefits were approved by the DWC, but the insurer subsequently disputed the worker's right shoulder injury. The worker requested a benefit review conference, resulting in an agreement that the original injury extended to the right shoulder. *Id.* at *2. As with the order in this case, the agreement stated only that the original injury was extended to the right shoulder and did not address any specific medical authorization or bills. *Id.* The insurer then approved the surgery, and the worker had the surgery the next month. *Id.* The worker later sued for various bad faith claims related to the delay caused by the extent-of-injury dispute. *Id.* The Austin court denied the insurer's petition for mandamus from the trial court's denial of its plea to the jurisdiction for failure to exhaust administrative remedies, holding that no further administrative action was required. *Id.* at *4.

Relators have not established that the trial court abused its discretion. It is relators' burden to provide this court with a sufficient record to show entitlement to relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.7(a).

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

4